L., Appellant. (Appeal No. 1.) [765 NYS2d 307] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered May 8, 2002, which adjudged that respondent's children are permanently neglected children, transferred the guardianship and custody rights of respondent to petitioner, and authorized petitioner to consent to the adoption of the children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decisions at Family Court, Erie County, Rosa, J. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.

■ In the Matter of YA'TAWI B. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC L., Appellant. (Appeal No. 2.) [765 NYS2d 308] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered May 8, 2002, which adjudged that respondent's children are permanently neglected children, transferred the guardianship and custody rights of respondent to petitioner, and authorized petitioner to consent to the adoption of the children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decisions at Family Court, Erie County, Rosa, J. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.

■ In the Matter of RANDY A., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROSEMARY A., Appellant. [765 NYS2d 308] —Appeal from an order of Family Court, Chautauqua County (Claire, J.), entered May 20, 2002, which adjudged that respondent's child is a permanently neglected child, transferred the guardianship and custody rights of respondent to petitioner, and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating her son to be permanently neglected, terminating her parental rights, and authorizing petitioner to consent to the adoption of the child. Contrary to respondent's contention, petitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Ja-Nathan F., 300 AD2d 1030, 1031 [2002], lv denied 99 NY2d 511 [2003]; Matter of Raychael L.W., 298 AD2d 930, 931 [2002], lv denied 99 NY2d 504 [2003]; Mat-

*ter of Hannah D.,* 292 AD2d 867 [2002]; *Matter of Christina W.,* 273 AD2d 918 [2000]). Contrary to respondent's further contention, Family Court properly concluded that a suspended judgment, together with a temporary placement of the child in the custody of his aunt, would not be in the best interests of the child (*see Matter of Ada M.R.,* 306 AD2d 920 [2003]; *Ja-Nathan F.,* 300 AD2d at 1031; *Matter of Sonny H.B.,* 249 AD2d 940 [1998]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARABELLO, Appellant, and STATE OF NEW YORK, Intervenor-Respondent. [765 NYS2d 724] —Appeal from an order of Supreme Court, Erie County (Wolfgang, J.), entered February 25, 2002, which denied the petition and assigned defendant a risk level of one under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by dismissing the petition and as modified the order is affirmed without costs.

Memorandum: Following his conviction in Florida of lewd or lascivious exhibition (Fla Stat Ann § 800.04), a felony under Florida law for which defendant was required to register as a sex offender (*see* Fla Stat Ann § 943.0435), defendant moved to New York. The New York State Board of Examiners of Sex Offenders (Board) determined that, due to the Florida conviction, defendant was required to register as a sex offender in New York pursuant to the Sex Offender Registration Act (Correction Law art 6-C), and thereafter Supreme Court notified defendant of his right to a hearing to determine his risk level classification (*see* Correction Law § 168-k [2]). During the course of that proceeding defendant filed a petition seeking to vacate the Board's determination that he is required to register as a sex offender in New York. Defendant contends in his petition that, had he committed in New York the acts underlying his conviction in Florida, he would not have been required to register as a sex offender in New York, and thus requiring him to register violates his federal and state constitutional rights to equal protection. The court denied the petition and assigned defendant a risk level of one. Having notified the Attorney General of defendant's constitutional challenge (*see* Executive Law § 71), we now conclude that the court lacked subject matter jurisdiction to entertain defendant's petition.

Initially we note that, inasmuch as a court's lack of subject matter jurisdiction may be raised at any stage of the proceed-